Next case on our call this morning is agenda number two. Case numbers 105 989 and 106 502 consolidated. People v. James Morris et al. Council may proceed. Michael Delcomen Thank you, Your Honor. Good morning. My name is Michael Delcomen. I'm representing Jesse Holbro. As you noted, this is a consolidated case with Morris. Just to inform the court, we're going to be splitting the time ten minutes, ten minutes and five and five on rebuttal as well. You'll have to do that on your own, you understand. And conclude with just a couple of remarks about whether this court announced a new rule of law in Whitefield or not. As I mentioned, I'm representing Jesse Holbro. He pled guilty in exchange for a 16-year prison sentence. The trial court told him repeatedly, and this is a quote, if this were handled by other than a plea agreement, you could get six to 30 years, three years of MSR, various fines, all of these other things. For every single charge, this is what the judge said. If this were handled by other than a plea agreement or a slight variation on this. If this were handled by other than a plea agreement. I don't think it's a stretch to say that, in other words, the trial court implied that Mr. Holbro was not getting MSR precisely because he was pleading guilty. So the question is, does Whitefield control? The factual distinction between the cases is that in Whitefield, there was no mention of MSR. Here, there was a mention of MSR. But I would argue that that distinction is, it's a factual distinction only. It has no effect on the fact that Whitefield is controlling. This court in Whitefield held that when there's no mention of MSR, and it subsequently added, the terms of the specifically bargained for plea agreement have been breached. The focus of the Whitefield opinion, I would submit, was not whether the words were mentioned. The question under Whitefield was, well, I'll just read a quote from Whitefield just briefly. In other words, reviewing courts are to look at the defendant's reasonable, objective understanding as to whether MSR was going to be a part of the plea or not. So the question is not, was MSR mentioned in some way, shape, or form? The question is, was due process satisfied in that, does the defendant understand, or did the defendant reasonably understand, objectively understand, from the court's admonishments that MSR was to apply? Well, in this case, the answer has to be no, if this were handled by other than a plea agreement. Again, I don't think it's a stretch to say that in that situation, the defendant's not going to understand that he's getting MSR. Again, I'll refer to the admonishments. The admonishments in this case generally is affirmatively misleading. The affirmatively misleading admonishments have the same effect or result as the complete failure to mention MSR as occurred in Whitefield. And again, this is because the defendant has no, objectively, the defendant has no reason to know that MSR is going to be included as a part of the agreement. So this brings me to the mere mention approach. I would submit to this court that it's an unworkable approach, and it doesn't make any sense, as evidenced by this case. The reason for that is you end up with an affirmatively, you end up with a defendant who objectively doesn't know that he's getting MSR, because the trial court essentially told him he wasn't getting MSR. So it makes zero sense to say, well, due process is satisfied by mere mention, when that will allow defendants who have been affirmatively misled to have MSR added to their specifically negotiated plea. Mr. Delcomen, is it your position that the MSR has to be mentioned in connection with the plea agreement, that it is insufficient if, at a previous hearing, the judge has thoroughly admonished, without using the words that were used in this case, that for this offense, the sentence can be anywhere from two to five years, and the fine can be up to whatever it is, and there is an MSR of one year? Does that suffice, or do you have to have mentioned it all, so at the time of the plea agreement? I think, without getting into, I mean, I'm not going to give a lot of specific examples, but I will say that just generally, the question of whether it needs to be mentioned at the plea agreement, I would say yes. Now, there could be some situations in which that might not be the case, but I would just answer yes, as far as a general rule, because things can change from one hearing to another hearing, and we don't know what negotiations are going on, what the defendant's belief is, and again, if this is like a contract, a lot happens up until we have the final sort of signing or agreement, and that's when the trial court needs to say, and I'll point out also, I don't think it's asking too much for the trial court to say, you're getting three years of MSR, you're getting two years of MSR. That's, you know, that's what, it's MS, M is for mandatory for a reason, you're getting it. I mean, there's, you know, I'm not presenting any, you know, I don't think this court is requiring too much by just telling the trial courts, I mean, one sentence, that's it, MSR, you're getting MSR. I mean, it's, again, it's not asking, it's not asking too much. And with that, I would say, maybe to be a little more specific, I just don't think there should be any ambiguity. It's, again, it's pretty simple, just say, you're getting MSR. And then if the defendant has a complaint, too bad, they understand, you're getting MSR, that's that. So moving on, I would say, just briefly, I'll touch on whether Whitfield announced a new rule of law or not. I don't think that this court needs to look to Teague or the confusing, at least to me, Teague analysis to determine whether it announced a new rule of law in Whitfield. This court went through the history of this argument over a few pages of that opinion. Talking about how it's addressed this issue, a very similar, factually, very similar issue 30 years prior almost. The appellate court had had at least five opportunities to address this. The federal courts have addressed it. It's not a stretch to say that this was applying, it was just applying an already established rule to a set of facts in Whitfield and it was not a new rule of law. And I'll also add to that, why listen to me when you can listen to the appellate court? Every appellate court that's addressed this, as I've pointed out in my reply brief, has said, no, it's not, it's not a new rule of law. We've been dealing with this for years. The Supreme Court certainly clarified it in Whitfield, but that doesn't, that's not the same thing as announcing a brand new, as a brand new rule of law. In conclusion, Whitfield instructs that the trial court needs to admonish the defendant that he will, he or she will receive a term of MSR as a part of the specifically negotiated plea agreement. Affirmatively misleading admonishments are analogous to no MSR admonishment in that it leaves the defendant in both situations with the, without the knowledge that MSR will attach. And so with that in mind, Mr. Holbros respectfully requests that this court take this opportunity to affirm that it meant what it said in Whitfield. Thank you. Rebecca Levy Good morning, Your Honors. My name is Rebecca Levy from the Office of the State Appellate Defender, arguing on behalf of James Morris. When James Morris pled guilty pursuant to his fully negotiated plea agreement, he did so with the understanding that he would serve a sentence of 30 years in prison and nothing more. Instead, Morris will serve the sentence he negotiated, and he'll also serve an additional three years of mandatory supervised release, or MSR, causing his sentence to be more onerous than the 30 years he had agreed to. The result is that Morris will not receive the benefit of his plea bargain, denying him his constitutional rights to due process and fundamental fairness. In the admonishment, the court did mention the three years MSR, didn't it? The court did mention MSR in the general admonishments about... You said plus three years MSR. The court also had previously said these are the possible punishments you could get for a Class X offense in the state of Illinois. So prior to saying plus MSR, the court said, used the word possible, and later in the admonishments used the word you could receive. And then it followed up at the end with the question of, do you understand the possible punishments? And prior to giving that admonishment, the court, as required by Rule... They had stated the fully negotiated plea agreement on the record. And the agreement stated on the record was that the defendant was pleading guilty to two counts of aggravated criminal sexual assault in exchange for two concurrent 30-year sentences. And the state would dismiss the remaining charges. But within the stated plea agreement on the court, there is no mention whatsoever of MSR, like in Whitefield. And the purpose, or implicit in the agreement being stated on the record in court, is that that is the agreement. And that it doesn't include anything that's not mentioned. And so proceeding the agreed... The negotiated agreement on the record in court, and then later advising the defendant that it's... The court later advising the defendant that it's about to explain the possible maximum and minimum sentences he could have gotten. It almost creates the impression that the admonishments are in contrast to what he has already agreed to. That he's agreed to 30 years, he knows he's agreed to the 30 years. This is what the sentences could have been if you had not agreed to your sentence. Are you saying, counsel, that there's a problem with the way the court phrased it? Or are you saying it's a problem of when the court made the admonishment? Or is it some combination of both? Well, I think that the MSR should have to be included within the stated agreement, but... It should not? It should have to be included. But the problem could arguably be cured by admonishments that are clear. If the court were to say, if you receive a sentence in prison, you will serve three years of MSR during the admonishments about the minimum and maximum penalties, that's clear to the defendant that he will be serving MSR because the defendant knows he's agreed to a term of prison. It's stated as it was in Morris' case where it's just among other possible sentences, it's not clear that his sentence includes it because he knows he's negotiated a 30 years. The agreement's been stated on the record already. And when it was stated on the record, there was no mention of MSR at that time. Just to follow up on Justice Garmon, is it an oversimplification to say that this court has to determine how strictly we want to follow Whitfield, whether the reference to MSR must be in the sentencing, or whether it's enough if it is in the plea agreement, at least as it applies to the Morris case? Is that a oversimplification? I think that it's, no, I mean, certainly this court is, in this case, is interpreting how it's going to apply Whitfield. Let's just say, for example, we determined that if at the time of the plea MSR is mentioned, that that's sufficient. It doesn't have to be mentioned in sentencing. I think Chief Justice touched upon that as well. The exact wording used by the trial court in Morris was, these are Class X felony charges in the state of Illinois, and they carry with it a possible punishment, so the word possible is used, of six to 30 years in the Illinois Department of Corrections, plus three years mandatory supervised release. Wouldn't a reasonable reading of that be saying that regardless of whether you get six to 30, you're going to serve three years mandatory supervised release? I don't think so. I think maybe us reading a transcript later and analyzing it, as lawyers, might understand that that's what that means, but a criminal defendant... Some might say the exact opposite, that lawyers parse the words to their advantage. Well, it's also modified. I mean, the word possible is in there twice. It's in there at the beginning. The court reinforces it at the end, that these are possible sentences. Is substantial compliance what is required here? Yes, substantial compliance is required. I don't think that the admonishments in this case are substantial. You don't agree that there was substantial compliance? Exactly. I don't agree with that. Within these admonishments, that was the court's one and only mention of MSR throughout the entire guilty plea hearing. The court, like I said, didn't mention it when the plea written was stated on the record, and it didn't mention it when it went on to sentence the defendant, or like in Whitefield, and it's also not mentioned within the judgment order. So I think with looking at the admonishments, Morris knew he was pleading guilty to 30 years. The court reads a list of other stuff, other punishments he could receive, and he would have no reason to think that the three years applied to him, just like he would have no reason to think that he was beginning a six-year sentence, which the court also mentioned as a possible punishment, or the $10,000 fine. And merely mentioning MSR without explicitly linking it to the plea agreement or explicitly telling the defendant that he will be receiving it does not satisfy due process. Is the issue of probable negligence before us, since he failed, Morris failed to bring the claim down? Well, right now the petition is still on stage one proceedings. The court, so probable negligence is this state would raise it at stage two, but I think that, and they have mentioned it in their brief, but this court reviews stage one and two proceedings under the PC Act de novo. So I don't, he's alleged that he was unaware of his MSR until recently, until right before he had filed his petition, and I think that that stands at stage one or two, either way. That was never resolved in the trial court, whether or not publicly? No, it wasn't. Should it go back to the trial court? Well, I think that, well, like I just said, this court reviews both stage one and stage two proceedings de novo. So there's nothing else that he would allege at stage two that would be different before this court now. His allegation is that he didn't know about MSR. It's taken as true at stage one, it's taken as true at stage two. So I think that, and also in Whitfield, this court didn't remand for any further proceedings to investigate whether what the defendant had stated was true. You took what the defendant said as true. Was Whitfield otherwise procedurally the same? Was it PC on second? Whitfield was a PC and it had advanced to second stage, so it was at second stage, not first, and I don't believe that the PC in Whitfield had been filed late. So there is a distinction between the two. But in Whitfield, this court had noted that there was nothing else that the defendant would need to show in terms of whether he had known about the MSR otherwise, other than by the agreement. And I think the same applies here. The record also does not affirmatively show that Morris was aware of MSR. So due process is not satisfied in the same way it wasn't satisfied in Whitfield. Moving on to the remedy that we've asked for. In Whitfield, this court reduced the defendant's prison sentence by three years to approximate his original bargain. And then in this case, the same remedy is not entirely available because Mr. Morris does not have three years left of his sentence left to serve. And we've asked that this court reduce his sentence by whatever amount he has left to serve, if the court agrees with our argument. And then also strike the remaining portion of MSR from the extra three years. And we acknowledge that MSR is statutorily required, but when a statute interferes with the defendant's constitutional rights and there's no other remedy, the statute, the constitutional right has to trump the statute. So what we're asking is that this court reduce his sentence by a total of three years, including MSR, a portion of MSR. Thank you. Mr. Chief Justice, Honorable Justices, may it please the Court. My name is Sarah Simpson and I am an Assistant State's Attorney from Cook County. I represent the people of the State of Illinois in the case of People v. James Morris. The appellate court correctly held that the trial court properly dismissed petitioner's post-conviction petition claiming a Whitefield violation at the first stage of post-conviction proceedings, where the trial court's MSR admonishments satisfied both Rule 402 and the petitioner's due process rights. The admonishments were sufficient in this case, first because they were proper under existing law. This court in People v. Wills held that the trial court must admonish the defendant as part of Rule 402A admonishments, that MSR is part of the sentence that will be imposed. This court further held in People v. Whitefield that the trial court must tell the defendant prior to accepting his plea that MSR will attach to his sentence. The trial court in this case satisfied both of those rules of law by admonishing the petitioner while explaining the minimum and maximum penalties that a three-year term of mandatory supervised release would be in addition to the sentence that would be imposed in his case. Secondly, the admonishments in this case link the term of MSR to the crime to which the defendant was pleading guilty. What was the exact admonishment that was given relative to MSR? The exact admonishment, Your Honors, was, and the timing of this admonishment is also important, this is immediately after the defendant has entered his plea but before the court has accepted it. The court noted that on both of these matters, before I accept your plea of guilty, I want to make sure you understand your rights, and then he went on to say, these, meaning the crimes he's pleading guilty to, are Class X felony charges in the state of Illinois, and Class X felonies in the state of Illinois carry with it possible punishments of six to 30 years in the Illinois Department of Corrections plus three years of mandatory supervised release. Contrary to the defendant's claim, That was Morris, right? This is Morris, yes. Are you only handling Morris? I am only handling Morris, Your Honor. The Assistant Attorney General will be handling Jesse Harborough. All right, okay. And contrary to the defendant's claims, this did not turn the admonishments into a hypothetical because the admonishment, as the court stated it to the defendant, was that the only time the court used the word possible was in regard to the word punishment and the range of punishment that he would be receiving between six and 30 years in the Department of Corrections. The range was the possibility, the prison was a certainty. The judge goes on to tell the defendant there is no provision for periodic imprisonment, there is no provision for periodic probation, and there is no provision for conditional discharge. It was a certainty that the defendant would be receiving a term of incarceration, and any term of incarceration would be plus three years of mandatory supervised release, which equates these cases to the other cases where they have found any prison term will be followed by a term of mandatory supervised release. Counsel, but when he did impose the sentence, he never mentioned MSR. When he actually imposed the sentence. That is correct, Your Honor. However, based on these admonishments, it would be objectively unreasonable for the defendant to say that he didn't know that a mandatory supervised release term would be imposed when the court has said essentially any term of incarceration will be followed by three years of mandatory supervised release. But wouldn't it be possible that the defendant would have realized or thought that the judge included that in the sentence? Not based on these admonishments, Your Honor. The court is clearly saying the punishment range is six to 30 years in the Department of Corrections plus three years of mandatory supervised release. But you don't think he could have possibly thought that it was included? An objective standard is what this Court has used to evaluate Supreme Court Rule 402 admonishments. And objectively, by the language used here, no, Your Honor, the term plus has a common ordinary meaning of in addition to. And this would be very – another example would be in a colloquial example. If the defendant had perhaps taken his car in to have it fixed and asked the mechanic how much will this part cost to repair, and the mechanic said it will cost between $100 and $200 for the part plus labor, it would be objectively unreasonable for the defendant to think that he would only have to pay the $100 to $200 for the part when the mechanic has specifically told him it's plus a labor charge. Likewise. At the time he gets the bill, the labor charge would be included and be right in front of him. He'd know. It would be itemized out, arguably, yes. But based on what the mechanic said prior to – at the time he's getting an estimate say, he would know that he would need to be paying $100 to $200 for the part itself plus the labor fee. And likewise, when the Court told the defendant in this case that he would be getting between 6 and 30 years in the Department of Corrections plus a 3-year term of mandatory supervised release, it would be unreasonable for the defendant to think that he would only be serving a 6 to 30-year prison term with no mandatory supervised release attached. In addition – In your judgment, would that have been substantial compliance with the rule? I'm sorry, say that again, Your Honor. Would that have been substantial compliance with the rule? Yes, it would, Your Honor. It would absolutely be. And substantial compliance is what Rule 402 admonishments have been found to be. And Whitfield itself noted that that would be sufficient – a substantial compliance standard. So thus, the admonishments in this case made the defendant aware of the consequences of his guilty plea, which was the concern of this Court in Whitfield. And after he was being told that he could receive 6 to 30 years in the Department of Corrections plus 3 years of mandatory supervised release, he indicated that he understood that. Another important distinction from Whitfield is that the defendant in this case did not receive a more onerous sentence as the defendant in Whitfield did. In Whitfield, that defendant was made to serve his entire 25-year sentence plus the 3 years of mandatory supervised release. In this case, the defendant agreed to a sentence of 30 years in the Department of Corrections. According to the Department of Corrections information, he will actually be released next year in 2010. So the defendant is actually not serving his entire 30-year sentence plus a 3-year term of MSR. He is serving closer to a 15-year sentence of incarceration plus a 3-year term of MSR, which makes it less onerous than the sentence he actually bargained for. And nowhere in the defendant's post-conviction petition did he state that he expected to serve less than the 30 years. What part of the record in this case? We have appended the Illinois Department of Corrections inmate status sheet to the back of our brief that indicates his date, and the court can also take judicial notice of information that the Department of Corrections has on its website. Of course, that wasn't presented at the trial level. That argument was not presented at the trial level? That's correct, Your Honor, it was not. So thus, even though the defendant will not receive a more onerous sentence even with the addition of the 3 years mandatory supervised release. Now I would also like in the time remaining to touch on the remedy that the defendant has requested. If this court finds that the admonishments by the trial court are insufficient and finds that Whitefield is not a new law, then this court should remand this case for a second stage determination of whether the defendant's late filing was due to his culpable negligence. The defendant in this case filed his petition 5 years after the deadline had passed. Now the defendant has stated that he already said in his petition why it's late, that he learned about mandatory supervised release while he was in prison. However, at the first stage of the proceedings, the court and the people have not had the ability to evaluate this reason that the defendant has given. The defendant responds that he'll arguably have served his entire sentence by the time the case is remanded. However, his lack of a remedy of his choosing is not a reason to excuse his late filing and his failure to follow the requirements of the act. Now the defendant argues that if he is to get relief and has less than 3 years of time to serve, this court should strike a portion of his mandatory supervised release. Initially, as we point out in our brief, this argument has been forfeited because it was not included in the petition for relief to appeal. However, forfeiture aside, this is a wholly inappropriate remedy for the defendant's claim. Mandatory supervised release is mandated by statute, and it shall be in addition to a term of imprisonment given by the court. Courts cannot strike or reduce its length because to do so would be creating a void sentence as a remedy for the incomplete admonishments. And the nature of the defendant's claim in this case is a due process violation based on the voluntariness of his plea in not getting the benefit of his bargain. The defendant has two remedies available under the law, to withdraw his plea entirely and plead anew, or under Whitfield, to modify his sentence of imprisonment to approximate the benefit of the bargain to the extent that he has a sentence left to be modified. So the defendant in this case does in fact have a remedy. He can withdraw his plea and plead anew. He's asking this Court to create a void sentence because he does not like the remedy that's left for him at this stage of the proceedings. And the cases that the defendant cites in his reply brief are in opposite because they involve either proportionate penalties or time credit, which has different remedies available to them, then do a due process claim based on the voluntariness of the plea. I see that a portion of my time is coming to a close, and the Assistant Attorney General would like to address the Court. Very well. For the reasons stated here, as well as the reasons in our brief, the people of the State of Illinois respectfully ask this Court to affirm the decision of the First District of the Appellate Court. Good morning, Your Honors. Erica Seaborn from the Illinois Attorney General's Office on behalf of the people of the State of Illinois for the Jesse Holbrook case. Your Honors, in the time that is remaining for appellees, I'd like to address the retroactivity issue. Now, the retroactivity issue will apply to both defendants because both of these gentlemen pled guilty before this Court issued its decision in Whitfield. And so if this Court holds that Whitfield is not retroactive, then neither of these defendants could receive any form of relief, no matter what type of admonishment they got. In People v. Flowers, this Court adopted the Teague test, and in so doing, the Court commented that it was adopting that test because the Teague test is helpful and concise, and the interests of federal habeas and state post-conviction are very similar, and that both of them are collateral attacks in which you address constitutional issues, and in both cases, there's a similar interest in the finality of criminal convictions. A defendant acknowledges that the Teague test governs here. However, he offers two reasons why this Court should hold that the Whitfield rule is an old rule of constitutional law that should have automatic retroactive application. The first argument that he offers is that the appellate courts have held in some previous cases that Whitfield does not constitute a change in the law. In support of that contention, there's a number of appellate court cases. I would point you in particular to Molina and Johnson. It's important to note initially that none of these cases purport to apply the Teague test or to discuss retroactivity in any form. And, of course, as appellate court cases, they don't control the holdings of this Court. These cases don't have to do with retroactivity. What they have to do is the procedural bars of the Post-Conviction Act. In Molina and its progeny, it was a question of timeliness and whether or not the defendants could excuse culpable negligence. In Johnson, it was about the bar on successive petitions. Is it a stretch, counsel, to indicate that Whitfield announced a new rule in that all that we did say that a defendant must be properly admonished as to the terms of the plea agreement? Well, Your Honor, I would say that Whitfield announced a new rule in that it went beyond this Court's prior precedent. This Court noted in Whitfield that it cited several prior cases. It cited some appellate court cases. There were a number of Supreme Court cases, Wills, Evans, and McCoy, that it cited in creating the Whitfield rule. But in Whitfield, this Court specifically stated that its holding was in conformity with the earlier decisions of this Court. And I think that choice of language is particularly apt here because the Court doesn't say in Whitfield we're bound by the earlier decisions of this Court or that Whitfield's result is inevitable given the earlier decisions that we have made. All that it seems to do is say, well, we have these earlier decisions. We've examined them. And we think that Whitfield is not out of line in these particular things. But nowhere does the Court say that we have to reach Whitfield's decision because of the things that we have previously held in Wills and Evans and McCoy. The test under the Teague test for whether or not something is a new rule, as this Court noted in People v. Moore, is that a rule is new if the result was not dictated by prior precedent. And although this Court said that Whitfield is in conformity with Wills and Evans and McCoy and the various appellate court cases, it did not say, and in fact Whitfield was not dictated by those prior cases. Or as this United States Supreme Court stated in Butler v. McKellar, a rule is new if it's susceptible to debate among reasonable minds. And even if a decision is within the logical compass of previous decisions, that's not conclusive as to whether or not the rule is old for retroactivity purposes. In terms of the appellate court decisions, Molina and Johnson, both Molina and Johnson use similar analysis. And what they say is that Whitfield does not represent a change in the law because the Whitfield argument was not novel and did not lack a legal basis without Whitfield. Now, contrast that with the Teague test for whether or not something is new, something can be not novel and not lack a legal basis without being dictated by prior precedent. That the appellate courts have previously held that Whitfield did not represent a change in the law in terms of these procedural bars does not control whether or not this Court should find that Whitfield is a new rule under the retroactivity test. I know that Flowers cites the Teague, but does Flowers add a different basis for considering when it's new? I'm not sure I might understand Your Honor's question. The Court explicitly adopted the Teague test for retroactivity in Flowers. It's used the Teague test since in a few other cases. But I thought it gave it a little different test. Number one, places certain kind of primary private individual conduct beyond the power of the criminal law making authority to prescribe. And two, requires the observance of those procedures that are implicit in the concept of orderly delivery. That's correct, Your Honor. That's the second portion of the Teague test. To back up a little bit, the initial inquiry under Teague is whether or not a new rule of constitutional law should be held retroactive. I guess what Defendant and the State are arguing about here is whether or not Whitfield constitutes a new rule at all. If, as Defendant contends, the rule is old, then it automatically has retroactive application. Teague looks at whether or not new rules of constitutional law pass these very stringent exceptions that Your Honor just quoted in terms of whether or not something is a substantive rule that places certain primary individual conduct beyond the scope of the law or whether or not it's a watershed rule of criminal procedure. To return once more to Molina and Johnson, the differences between these tests indicate that just because the appellate courts have held that Whitfield does not represent a change in the law doesn't mean that it's an old rule for retroactive purposes. A Defendant can bring a good faith claim that may have a legal basis and he may even be able to cite some prior precedent of the court that seems to support his position, but that's not the same as saying that the case's result leads inexorably from that prior precedent or that his case's result is undebatable. In other words, this Court can find that Whitfield constitutes a new rule without necessarily overturning Johnson or Molina and its progeny. Once the Court determines that Whitfield's a new rule, then we get into the second portion of the Teague test in terms of determining first whether it's substantive or procedural. And there's no real argument here from the Defendant about whether or not it's a substantive or procedural rule. Whitfield doesn't place any sort of primary conduct outside the scope of criminal law. It's about taking guilty pleas, so it's very clearly a procedural rule. And once we determine that it is a procedural rule, it can only qualify for retroactive application if we determine that it's a watershed rule of criminal procedure. It's important to note that neither this Court nor the United States Supreme Court has ever found any procedural rule that has that type of watershed importance. The closest that the United States Supreme Court has come is to indicate that the rule announced in Gideon v. Wainwright about the right to counsel in a criminal trial would probably qualify as a watershed rule. Whitfield's rule, while it implicates due process, does not have the sort of primacy or centrality of the Gideon rule, and so it would not qualify as a watershed rule under that exception. Let's assume we disagree with your retroactivity analysis, just for purposes of argument. All right. Quite a different admonishment or so-called admonishment given in Holbrove than in Morris, right? Correct. In fact, the trial court said MSR would apply to each count if this were handled by other than a plea agreement, right? That is a correct quotation, Your Honor. And it was handled by a plea agreement. Yes, it was. Is there a certain absurdity to hold that a trial court can comply with Winfield simply by mentioning the term MSR, even when the trial court's only mention is to suggest that it will not apply to defendant? Well, Your Honor, I think we would agree that that's not the best practice admonishment. Strictly speaking, looking at Whitfield strictly on its facts, that would qualify. However, if this court decided that it wanted to expand Whitfield's rule beyond Whitfield's strict facts and hold that the type of admonishment that Mr. Holbrove received was not substantial compliance under Rule 402, we would urge the court to adopt the rule advocated by the State's attorney. There are ways of expanding Whitfield's rule to take out the sort of admonishment that Mr. Holbrove got while leaving the sort of admonishment Mr. Morris got as substantially complying with Rule 402 since it was mentioned in terms of the possible penalties and links the MSR to the crime to which you plead. If the court has no other questions at this time, the court recognized in De La Paz that because retroactivity is an all or nothing proposition, it should not be found lightly. And Whitfield's rule simply doesn't qualify for retroactive application under the Teague test. We would urge the court to affirm the decisions of the first and fourth districts and deny relief to both defendants. Thank you, Your Honors. Now this is a five-minute segment, is that correct? It's going to be split? Yes, that is correct. Just a few points briefly, Your Honors. First, I think it's pretty telling the State never disputes that the admonishments in Holbrove were misleading. I think it's fair to say there is no dispute. The only question is whether Whitfield applies or not. This court had a few questions about when trial courts should mention MSR, how to say it, and the appellate court has struggled with this or dealt with this issue as well since Whitfield has come out. And just generally speaking, I would say that there's no magic method or time. This court already addressed this in Whitfield by saying that the defendant has to understand and that MSR is going to apply, otherwise due process hasn't been met. And that would be an objective test? Yes. Thank you. As this court said in Whitfield, quoted from an appellate court. Counsel, then you can see that it could be given in the beginning of the sentencing discussion and not necessarily at sentencing. Theoretically, it could. If your question or objective test is that he has to understand, then counsel's argument about it's only common sense to think that he was told in the beginning, even though he wasn't told at the sentencing time, that he should have understood. Well, I don't know if it's not mentioned as part of the sentence. I don't know that it would follow that he would understand just because it was mentioned, that it would apply just because it was mentioned earlier. It would depend on the facts of the case. So that means that the courts would have to look at every, then the courts still would be doing it at different times. I would imagine they would be. Is that what you're proposing? Is that kind of an objective test? I'm not sure I follow. Are you proposing that then it could be admonished in the beginning during the discussion of what possibilities the sentencings are as opposed to at the actual time of sentencing? I think that it should always be mentioned at the time of sentencing. That's the final summation of everything that the parties have agreed to. Now, I'm just not saying that it would never be sufficient if it was mentioned earlier. I can't say that because I don't know. Again, this is what Woodfield did. It was just applying the facts. We're looking for substantial compliance with Rule 402. The facts are different in every case. I think due process is satisfied if it can be said that the defendant understood that MSR was going to attach. Whether that would mean that substantial that this court's rule has also been complied with substantially, maybe, maybe not. Again, it would depend on the facts of the case. My point is I don't think this court needs to say this is exactly when it has to be done, this is exactly how it should be done. This court should just reaffirm that we meant what we said in Woodfield. The defendant has to leave with the understanding that he's getting MSR because it's a part of every bargain, as everyone except some of these defendants knows. This court said, when a defendant is pled guilty in contemplation of receiving a specific sentence, imposing additional unbargained four terms or conditions is not permissible. I think that pretty much sums it up here. And I'll also note that that quote, that's from Woodfield. That was a quote, though, from an appellate court case from 1991. I don't think we have to get into Teague or this retroactive analysis. Again, this is just, as you pointed out, Justice Thomas, it's a factual question, was there substantial compliance or not. This has been dealt with by many courts many times. I don't even think we have to get into Teague. Just in closing, the main consideration for the majority of defendants when they're pleading guilty is how much time am I going to have. Mr. Holbro thought he was getting 16 years. That was what his agreement was. That was what the trial court said. He thought he was getting a bargain by pleading guilty, and he was. The subsequent addition of the MSR term breached the specific terms of that plea agreement, and therefore he asks that this court reduce his term of imprisonment by those three years. Thank you. Thank you, counsel. Case is number 104. I'm sorry. I'm sorry. Just very briefly. Counsel mentioned the admonishment given right before the court went on to inform Mr. Morris of the sentences, the minimum and maximum possible sentences for a Class X offense. And the court stated, before I accept your pleas of guilty, I want to make sure you understand your legal rights and the rights you give up by pleading guilty. And then the court went on to state what the possible range of sentences could be. So I think with that admonishment before it and with Morris having been told his negotiated specific plea agreement stated on the record prior to hearing the range of possible sentences, it definitely created the impression that these were sentences that are in contrast to what he had agreed to, which was 30 years without the mention of MSR when his negotiated agreement was stated on the record. And I also completely disagree that there was any sort of link between these, the admonishments about the range of sentences available to his specific negotiated plea to the court. If the court had said, as I said earlier, if you are going to be receiving a prison sentence, you will get MSR, that would be more of a link than just having it thrown out there as a list of possible punishments. Regarding the state's argument that he is not actually serving his full 30 years because he will receive some good time credit, I think that he's pleading guilty under a system of sentencing where good time credit is implicit in the plea agreement. He understands that that's happening. And so when he pleads guilty to 30 years, he knows that he has some control to a certain extent over if he's going to get out earlier. And still, even with that control, he was unaware that he would have an additional three years of MSR. And finally, in terms of him having an alternate remedy of being able to withdraw his plea rather than having a portion of his MSR struck, I think it's fundamentally unfair to force a defendant or have a defendant who served basically his entire sentence to withdraw his plea. So I don't think that that's a remedy that's available to him still. It would have been maybe if he had, if this all had come up earlier in his sentence. And if there are no other questions, I'm asking that you reduce Mr. Morris's sentence by three years. Thank you. Thank you. Cases number 105, 089, and 106, 592. Consolidated will be taken.